# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 5, 2016 Session

# ELIZABETH EBERBACH v. CHRISTOPHER EBERBACH

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Williamson County**
**No. 37317     James G. Martin, III, Judge**

———————————————————————

**No. M2014-01811-SC-R11-CV – Filed May 23, 2017**

———————————————————————

We granted this appeal to determine whether the Court of Appeals may exercise discretion and decline to award appellate attorney's fees when the marital dissolution agreement at issue contains a provision entitling the prevailing party to an award of such fees. In this case, Husband and Wife were parties to a marital dissolution agreement that was incorporated into their final divorce decree ("the Parties' MDA"). The Parties' MDA contained a provision for the award of attorney's fees to the prevailing party in any subsequent legal proceedings. Following a post-divorce proceeding that resulted in the trial court granting relief and awarding attorney's fees to Wife, Husband appealed. Wife also prevailed on appeal and sought an award of appellate attorney's fees from the Court of Appeals under a statutory provision and under the Parties' MDA. Exercising its discretion, the Court of Appeals declined to award the requested fees under the statute. The Court of Appeals erroneously failed to separately consider an award of the requested fees under the Parties' MDA. Accordingly, we reverse the Court of Appeals' judgment and remand this matter for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed and Remanded to the Chancery Court**

JEFFREY S. BIVINS, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Rose Palermo, Nashville, Tennessee, for the appellant, Elizabeth Eberbach.

Connie Reguli, Brentwood, Tennessee, for the appellee, Christopher Eberbach.

# OPINION

## Factual and Procedural Background

Elizabeth Eberbach ("Wife") and Christopher Eberbach ("Husband") (collectively, "the Parties"), were divorced on May 13, 2011. They are the parents of three children. As a part of their divorce, the Parties entered into a marital dissolution agreement ("the Parties' MDA"), which, along with the Parties' 2010 Parenting Plan (the "Parenting Plan"), was approved by the court and incorporated into its Final Decree on May 13, 2011. The Parties' MDA includes the following fee provision:

> In the event it becomes reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action.

At the time of their divorce, both Wife and Husband resided in Williamson County, Tennessee, but in 2013, Husband moved to Orlando, Florida.[1] Subsequently, in March 2014, Wife gave Husband notice of her intent to relocate to Ohio, and on April 28, 2014, Husband filed a motion in opposition to Wife's relocation. On May 12, 2014, Wife filed a response to Husband's motion in opposition to her relocation. She also filed a counter-motion to relocate with the children and to modify the Parties' Parenting Plan ("the Relocation Motion").[2] Wife also requested attorney's fees in the Relocation Motion.

By written order filed on June 13, 2014, the trial court granted Wife's motion *pendente lite*, allowing her to move to Ohio pending final hearing. The order further indicated that "[t]he parties will continue to operate under the permanent parenting plan executed on November 19, 2010, and incorporated in the court's Final Decree of Divorce on May 13, 2011."

---

[1] The Parties' 2010 Parenting Plan was not amended to take this move into account.

[2] We note that, although a final judgment had been entered in the divorce action, these initial pleadings in the instant action were filed as "motions" in the trial court as opposed to petitions with leading process. Neither party has raised any issue concerning any question as to whether proper notice and service were provided under the procedures followed in this case.

On June 18, 2014, after he had been ordered by the trial court to answer written discovery and to appear for a deposition, Husband moved the trial court "for dismissal of all pending matters . . . including, without limitation, his motion in opposition to relocation of mother and to alter visitation or parenting time." On June 19, 2014, Wife filed a motion to dismiss Husband's motion in opposition to her relocation for failure to prosecute. In her motion, Wife requested sanctions because it was the second post-divorce proceeding initiated by Husband in which he failed to appear or to comply with discovery orders and then dismissed his action. Wife's motion also asked the court to award her attorney's fees and costs. On June 20, 2014, Husband filed a notice of dismissal, stating "that pursuant to T[ennessee] R[ule] [of] C[ivil] P[rocedure] 41, [Husband] voluntarily dismisses, without prejudice, and discontinues all pending matters since [Husband's] April 28, 2014, Motion in Opposition to Relocation of Mother." On June 23, 2014, Wife filed a response to Husband's notice of voluntary dismissal, requesting that the court deny Husband's proposed order of dismissal. She also asked the court again to award her "a judgment against Husband in the amount of her attorney's fees and other costs incurred during this cause . . . ."

Husband filed a response to Wife's June 19, 2014 motion to dismiss and for sanctions. On July 1, 2014, the trial court held a hearing concerning Husband's voluntary dismissal and Wife's June 19, 2014 motion to dismiss. The trial court also set the Relocation Motion for final hearing on July 15, 2014.

On July 7, 2014, Wife filed a motion for judgment against Husband for reimbursement of uncovered medical expenses. The Parenting Plan provides that the children's "uncovered reasonable and necessary medical expenses . . . will be paid by pro rata share in accordance with [the Parties'] income[s]." The Parenting Plan lists Husband's monthly gross income as $27,766.00, and Wife's monthly gross income as $0. Wife asked the court to award her a judgment against Husband in the amount of $26,669.31, plus her attorney's fees and costs.

At the July 15, 2014 hearing, the trial court considered the Relocation Motion and Wife's motion for reimbursement of uncovered medical expenses, as well as her request for attorney's fees. With regard to Wife's request for attorney's fees during the hearing, the trial court stated:

> [T]he Court is satisfied that the attorney's fees being requested on behalf of Ms. Eberbach are very reasonable in light of the extensive litigation that has been conducted in this case since Ms. Eberbach gave notice to Mr. Eberbach that she was relocating.

The Court will award attorney's fees and expenses incurred by Ms. Eberbach based on *both* the MDA, which incorporates the permanent parenting plan order, *as well as* the provision of Title 36, for the total amount requested by her . . . .

(Emphasis supplied).

Accordingly, after the hearing, the trial court ordered that (1) Wife be allowed to relocate to Ohio with the children; (2) the Parenting Plan be modified accordingly; (3) Wife be awarded a judgment against Husband for reimbursement of out-of-pocket medical expenses in the sum of $26,096.50; and (4) Wife "be awarded her attorney's fees and expenses in the amount of $19,870 . . . based on the parties' Marital Dissolution Agreement, and the provisions of T.C.A. 36-6-108(i) and 36-5-121."

Husband appealed and raised two issues. First, he claimed that the trial court erred in awarding Wife a judgment for medical expenses when she did not comply with the contractual terms set forth in the Parenting Plan. Second, he claimed that the trial court erred in awarding Wife attorney's fees. In the posture of Appellee, Wife requested an award of appellate attorney's fees and costs under the terms of the Parties' MDA and on the alternative ground that the appeal was frivolous pursuant to Tennessee Code Annotated section 27-1-122. The Court of Appeals affirmed the trial court's decision awarding Wife a judgment for medical expenses, rejecting Husband's argument that Wife did not comply with the contractual terms of the Parenting Plan.

As to the issue of the trial court's award of attorney's fees, the Court of Appeals concluded that the trial court did not abuse its discretion in awarding attorney's fees and costs under the Parties' MDA, as well as under Tennessee Code Annotated Section 36-5-103(c). However, it declined Wife's request for an award of fees and costs on appeal. While the Court of Appeals declined to award Wife fees under section 27-1-122, it did not address whether Wife was entitled to fees on appeal under the Parties' MDA. Wife filed a petition to rehear, specifically requesting the Court of Appeals to consider her claim for appellate attorney's fees under the Parties' MDA. The Court of Appeals summarily denied Wife's petition. Wife subsequently appealed on the sole issue of whether she was entitled to appellate attorney's fees.

**DISCUSSION**

**Standard of Review**

This case presents the issue of whether the Court of Appeals erred in failing to consider an award of appellate attorney's fees under the Parties' MDA. This is a question

of law. Accordingly, our review is *de novo* with no presumption of correctness accorded to the conclusions of law of the courts below. Barnes v. Barnes, 193 S.W.3d 495, 498 (Tenn. 2006); Taylor v. Fezell, 158 S.W.3d 352, 357 (2005).

## Analysis

In this appeal, Wife argues that the Court of Appeals erred by not addressing her request for appellate attorney's fees under the Parties' MDA and declining to award her discretionary attorney's fees on appeal. Specifically, she contends that the Court of Appeals lacks discretion to deny reasonable appellate attorney's fees to prevailing parties when there is a contract between the parties entitling the prevailing party to such fees.[3]

Tennessee has long followed the "American Rule" with regard to attorney's fees. State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 194 (Tenn. 2000). This Rule provides that "a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney's fees; or (2) some other recognized exception to the American Rule applies, allowing for recovery of such fees in a particular case." Cracker Barrel Old Country Store, Inc. v. Epperson, 284 S.W.3d 303, 308 (Tenn. 2009) (citing Fezell, 158 S.W.3d at 359; John Kohl & Co. P.C. v. Dearborn & Ewing, 977 S.W.2d 528, 534 (Tenn. 1998)). Otherwise, litigants are responsible for their own attorney's fees. Cracker Barrel Old Country Store, Inc., 284 S.W.3d at 309 (citing House v. Estate of Edmondson, 245 S.W.3d 372, 377 (Tenn. 2008)).

One of the most common exceptions to the American Rule involves contracts that contain provisions expressly permitting or requiring the prevailing party to recover its reasonable attorney's fees incurred to enforce the contract. Cracker Barrel Old Country Store, Inc., 284 S.W.3d at 309. Accordingly, parties who have prevailed in litigation to enforce their contractual rights are entitled to recover their reasonable attorney's fees once they demonstrate that the contract upon which their claims are based contains a provision entitling the prevailing party to its attorney's fees. Id.

A marital dissolution agreement ("MDA") is a contract entered into by a husband and wife in contemplation of divorce. See Barnes, 193 S.W.3d at 498 (citing Johnson v. Johnson, 37 S.W.3d 892, 896 (Tenn. 2001); Honeycutt v. Honeycutt, 152 S.W.3d 556, 561 (Tenn. Ct. App. 2003)). As a contract, a MDA generally is subject to the rules

---

[3] We recognize that some contractual provisions may contain only permissive language, such as "may award." In those cases, both the trial and appellate courts may appropriately exercise their discretion in any contractual award. Today, we deal solely with those contractual provisions that mandate an award to the prevailing party.

governing construction of contracts.  Id.  If approved by the trial court, the MDA is incorporated into the decree of divorce, as it was in this case.  See Tenn. Code Ann. § 36-4-103(b).  Once incorporated, issues in the MDA that are governed by statutes, such as child support during minority and alimony, lose their contractual nature and become a judgment of the court.  See Towner v. Towner, 858 S.W.2d 888, 890 (Tenn. 1993); see also Hogan v. Yarbro, No. 02A01-9905-CH-00119, 1999 WL 1097983, at *4 (Tenn. Ct. App. Oct. 5, 1999).  The trial court retains the power and discretion to modify terms contained in the MDA relating to these statutory issues upon sufficient changes in the parties' factual circumstances.  See Archer v. Archer, 907 S.W.2d 412, 418 (Tenn. Ct. App. 1995).  However, on issues other than child support during minority and alimony, the MDA retains its contractual nature.  See Towner, 858 S.W.2d at 890; Blackburn v. Blackburn, 526 S.W.2d 463, 465 (Tenn. 1975); Yarbro, 1999 WL 1097983, at *4.  Thus, a MDA may include enforceable contractual provisions regarding an award of attorney's fees in post-divorce legal proceedings.

Parties to post-divorce proceedings seeking to recover appellate attorney's fees also may request an award of attorney's fees on statutory grounds.  Two statutes at their disposal are Tennessee Code Annotated section 27-1-122, and Tennessee Code Annotated section 36-5-103(c).[4]  Parties may seek attorney's fees under either or both in addition to their contractual claims.  Each statute provides a separate basis for awarding appellate attorney's fees, see id., and each permits the court, within its discretion, to award fees to a prevailing party, id.

Section 27-1-122, Tennessee's frivolous appeals statute, provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, *the court may*, . . . award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (emphasis supplied).  Thus, if the appellate court determines that an appeal is frivolous, the appellate court may award attorney's fees pursuant to this statute.  Any such award rests in the appellate court's sound discretion.  See Chiozza v. Chiozza, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009) ("The decision to award damages for the filing of a frivolous appeal [under section 27-1-122] rests solely in the discretion

_____

[4] Our discussion and focus on sections 27-1-122 and 36-5-103(c) is meant only to highlight two frequently used statutes that provide for an award of attorney's fees.  It is not meant to be exhaustive or indicate a preference for such attorney's fee requests to be brought under these statutes.

of this Court."). This discretion is exercised "sparingly so as not to discourage legitimate appeals." <u>Whalum v. Marshall</u>, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006).

Likewise, Tennessee's Enforcement of Orders statute, section 36-5-103(c), provides:

> The plaintiff spouse may recover from the defendant spouse . . . reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, *in the discretion of such court*.

Tenn. Code Ann. § 36-5-103(c) (emphasis supplied). Section 36-5-103(c) authorizes courts to award reasonable attorney's fees to the prevailing party in an action to enforce any decree for alimony, child support, or child custody. <u>See</u> § 36-5-103(c); <u>Fezell</u>, 158 S.W.3d at 359-60. Tennessee courts long have recognized that the decision to grant attorney's fees under section 36-5-103(c) is largely within the discretion of the trial court and that, absent an abuse of discretion, appellate courts will not interfere with the trial court's finding. <u>See</u> <u>Keyt v. Keyt</u>, 244 S.W.3d 321, 334 (Tenn. 2007). In applying section 36-5-103(c), this Court has held that "[i]n cases involving the custody and support of children, . . . it has long been the rule in this State that counsel fees incurred on behalf of minors may be recovered when shown to be reasonable and appropriate." <u>Fezell</u>, 158 S.W.3d at 360 (citing <u>Deas v. Deas</u>, 774 S.W.2d 167, 169 (Tenn. 1989)). We have noted in the context of section 36-5-103(c) that "[a]lthough there is no absolute right to such fees, . . . their award in custody and support proceedings is familiar and almost commonplace." <u>Id.</u> (quoting <u>Deas</u>, 774 S.W.2d at 170).

Both of these statutes expressly provide for the use of the court's discretion in determining whether attorney's fees are warranted in a particular case. <u>See</u> Tenn. Code Ann. § 27-1-122; § 36-5-103(c). Thus, when litigants have sought attorney's fees pursuant only to one or both of these statutes, our courts have appropriately and consistently exercised their discretion.[5]

---

[5] <u>See, e.g.</u>, <u>Milam v. Milam</u>, No. M2012-01659-COA-R3-CV, 2013 WL 5309816, at *5 (Tenn. Ct. App. Sept. 19, 2013) (awarding appellate attorney's fees to father and noting, "[t]he decision on whether to award attorney's fees [pursuant to section 36-5-103(c)] remains within the discretion of this court"); <u>Pounders v. Pounders</u>, No. W2010-01510-COA-R3-CV, 2011 WL 3849493, at *5 (Tenn. Ct.

However, our courts have been inconsistent in their analysis of claims for attorney's fees in cases in which the claim is based on a contractual provision in a MDA in addition to one or both of these statutory provisions. In such cases, the Court of Appeals has not uniformly enforced attorney's fees provisions in MDAs when those provisions govern attorney's fees in appellate proceedings. Some prior decisions by the Court of Appeals have denied an award of attorney's fees incurred on appeal based upon an exercise of discretion by the Court of Appeals, even in the face of a controlling contractual fee provision requiring such an award. See Grisham v. Grisham, No. W2010-00618-COA-R3-CV, 2011 WL 607377, at *11 (Tenn. Ct. App. Feb. 22, 2011) (holding that the trial court erred in failing to award wife her reasonable trial court attorney's fees pursuant to MDA fee provision, but declining to award appellate attorney's fees pursuant to the Court of Appeals' discretion); Brown v. Brown, No. W2005-00811-COA-R3-CV, 2006 WL 784788, at *6 (Tenn. Ct. App. Mar. 29, 2006) (affirming the trial court's award of trial court fees under the parties' MDA, but equitably denying wife's request for appellate fees pursuant to the Court of Appeals' discretion); Elliott v. Elliott, 149 S.W.3d 77, 88 (Tenn. Ct. App. 2004) (affirming the trial court's award of fees to wife pursuant to parties' MDA fee provision, but denying wife's request for appellate attorney's fees); Dulin v. Dulin, No. W2001-02969-COA-R3-CV, 2003 WL 22071454, at *8, *10 (Tenn. Ct. App. Sept. 3, 2003) (affirming trial court's award of attorney's fees pursuant to MDA, but equitably declining to award either party attorney's fees incurred on appeal).

At the same time, in other cases, the Court of Appeals has held that when a MDA fee provision mandates an award of attorney's fees to the prevailing party, the Court of Appeals does not have discretion to deny an award of appellate attorney's fees. See, e.g., Beem v. Beem, No. W2009-00800-COA-R3-CV, 2010 WL 1687782, at *9-10 (Tenn. Ct. App. Apr. 28, 2010) (affirming trial court's award of fees pursuant to MDA and holding that wife was entitled to attorney's fees on appeal pursuant to the parties' MDA);

App. Aug. 31, 2011) (affirming an award of trial court attorney's fees on appeal and stating, "[i]n sum, we find no abuse of the trial court's discretion in its decision to award [m]other her attorney's fees, as such an award was authorized by Tennessee Code Annotated section 36-5-103(c)"); Lee v. Lee, No. E2006-00599-COA-R3-CV, 2007 WL 516401, at *4 (Tenn. Ct. App. Feb. 20, 2007) (affirming the trial court's denial of fees to father and mother and noting, "[t]he express language of Tenn. Code Ann. § 36-5-103(c) is such that an award of attorney fees is by no means automatic. The statute says attorney fees 'may' be awarded 'in the discretion' of the court"); see also Tavino v. Tavino, No. E2013-02587-COA-R3-CV, 2014 WL 5430014, at *14 (Tenn. Ct. App. Oct. 27, 2014) (denying father's request for fees under section 27-1-122 pursuant to the court's discretion); Clayton v. Clayton, No. W2007-01079-COA-R3-CV, 2008 WL 2122332, at *13 (Tenn. Ct. App. May 21, 2008) (determining that father's appeal was devoid of merit and awarding damages pursuant to mother under section 27-1-122); Long v. Long, No. M2004-01697-COA-R3-CV, 2006 WL 2069412, at *4 (Tenn. Ct. App. July 25, 2006) (exercising its discretion and awarding fees on appeal to wife pursuant to section 27-1-122).

Treadway v. Treadway, No. M2014-00898-COA-R3-CV, 2015 WL 1396652, at *7 (Tenn. Ct. App. Mar. 24, 2015) (awarding appellate attorney's fees pursuant to the parties' MDA); Brinton v. Brinton, No. M2009-02215-COA-R3-CV, 2010 WL 2025473, at *6 (Tenn. Ct. App. May 19, 2010) (same); Corbin v. Corbin, No. W2008-00437-COA-R3-CV, 2009 WL 454134, at *7 (Tenn. Ct. App. Feb. 24, 2009) (same); Waugh v. Waugh, No. M2006-021540COA-R3-CV, 2007 WL 2200278, at *4 (Tenn. Ct. App. July 30, 2007) (same); Hogan, 1999 WL 1097983, at *4-5 (reversing trial court's denial of attorney's fees, and awarding attorney's fees to Mother for trial court and appellate level proceedings pursuant to the parties' MDA).

Finally, some of our courts have observed that "[a]n award of appellate attorney fees in Tennessee is within the court's sound discretion," Wilkinson v. Wilkinson, No. W2012-00509-COA-R3-CV, 2013 WL 614708, at *10 (Tenn. Ct. App. Feb. 19, 2013), but have then gone on to award attorney's fees on appeal solely on the basis of the parties' MDA fee provisions without further discussion,  id. at *10 (affirming trial court's award of fees and finding that Wife was *entitled* to recover reasonable appellate attorney's fees "[b]ased upon the plain language of the MDA" (citing Archer, 907 S.W.2d at 419) (emphasis supplied)).  See also Hanna v. Hanna, No. W2014-02051-COA-R3-CV, 2015 WL 1951932, at *4 (Tenn. Ct. App. Apr. 30, 2015) (stating its discretion then awarding fees on appeal based on the parties' MDA requiring that the "court shall award reasonable attorney's fees to the party seeking to enforce [the MDA]") (alterations in original); Williams v. Williams, No. M2013-01910-COA-R3-CV, 2015 WL 412985, at *14 (Tenn. Ct. App. Jan. 30, 2015) (affirming the trial court's award of fees pursuant to the parties' MDA, stating its discretion and determining that wife was entitled to attorney's fees on appeal pursuant to the parties' MDA); Dodd v. Dodd, No. M2011-02147-COA-R3-CV, 2012 WL 3193339, at *6 (Tenn. Ct. App. Aug. 6, 2012) (holding that Mother was *entitled* to recover her trial court attorney's fees pursuant to the parties' MDA, but using its discretion and concluding that Mother was *justified* in recovering attorney's fees) (emphasis supplied).

We now take this opportunity to clarify the appropriate analysis for appellate courts to utilize in determining whether to award appellate attorney's fees.

Fee requests made pursuant to contractual and statutory authority must be analyzed separately, though they will often be requested together.  In cases in which parties seek an award of attorney's fees under statutory authority alone, the statute governs the award of fees.  In such cases, the statute is the recognized exception to the American Rule and is the basis for the court's authority to grant fees on appeal.  Thus, when appellate attorney's fees are requested pursuant to statutes like section 27-1-122 and section 36-5-103(c), which expressly permit the court to exercise its discretion, the

Court of Appeals should analyze any such request by exercising its discretion to determine whether an award to the prevailing party is appropriate.

The same is not true when the parties to post-divorce litigation have a marital dissolution agreement that contains a mandatory fee award provision. Our courts long have observed at the trial court level that parties are contractually *entitled* to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees. See, e.g, Seals v. Life Inv'rs Ins. Co. of Am., No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003); Hosier v. Crye-Leike Commercial, Inc., No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001). In such cases, the trial court does not have the discretion to set aside the parties' agreement and supplant it with its own judgment. See Christenberry v. Tipton, 160 S.W.3d 487, 494 (Tenn. 2005) ("A court 'cannot under the guise of construction make a new and different contract for the parties.'" (quoting Memphis Furniture Mfg. Co. v. Am. Cas. Co., 480 S.W.2d 531, 533 (Tenn. 1972)). The sole discretionary judgment that the trial court may make is to determine the amount of attorney's fees that is reasonable within the circumstances. See Hosier, 2001 WL 799740, at *6; Albright v. Mercer, 945 S.W.2d 749, 751 (Tenn. Ct. App. 1996); Airline Constr. Inc. v. Barr, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990); see also Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980) (setting out the appropriate factors to be used as guides in fixing reasonable attorney's fees); Tenn. Sup. Ct. R. 8, Rule 1.5.

The same is and must be true of our appellate courts. A marital dissolution agreement is a contract and as such is subject to the rules governing construction of contracts. Barnes, 193 S.W.3d at 498 (citing Johnson, 37 S.W.3d at 896). Absent fraud, mistake, or some other defect, our courts are required to interpret contracts as written, giving the language used a natural meaning. U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co, 277 S.W.3d 381, 386-87 (Tenn. 2009). This axiomatic rule does not change or lose its force because the parties to an agreement are before an appellate court. Indeed, one of the bedrocks of Tennessee law is that our courts are without power to make another and different contract from the one executed by the parties themselves. Dubois v. Gentry, 184 S.W.2d 369, 371 (Tenn. 1945); see also Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc., 521 S.W.2d 578, 580 (Tenn. 1975) ("The courts, of course, are precluded from creating a new contract for the parties.").

It necessarily follows that if an agreement is valid and enforceable, it must be enforced as written regardless of whether the parties are before a trial court or an appellate court. Accordingly, we hold that the Court of Appeals has no discretion whether to award attorney's fees when the parties have a valid and enforceable marital dissolution agreement which requires an award of reasonable attorney's fees to a

prevailing or successful party. When such a MDA exists, it is subject to the normal rules of contractual interpretation and enforcement. If the MDA is determined to be a valid and enforceable agreement, the terms of the parties' agreement govern the award of fees, and the court must enforce the parties' terms to the extent the agreement demands.

Because fee provisions in marital dissolution agreements are binding on the parties, when confronted with a request for fees under both contractual and statutory authority, our courts should look to the parties' contract first before moving on to any discretionary analysis under statutes such as section 36-5-103(c) and section 27-1-122. Courts reviewing requests for fees pursuant to a MDA fee provision should first determine whether the parties have a valid and enforceable MDA that governs the award of attorney's fees for the proceeding at bar. If so, our courts must look to the actual text of the provision and determine whether the provision is mandatory and applicable. If so, the MDA governs the award of fees, and our courts must enforce the parties' contract.

If the court determines the MDA is inapplicable to the case, it should so state on the record and then turn to the parties' statutory claims under which any award of fees is within the sound discretion of the trial or appellate courts unless otherwise specified in the statute. Even if the court determines that an award of attorney's fees is mandated by the terms of the MDA, the court still should also review the claims for fees or expenses under any applicable statutory authority.[6]

While we hold that our courts do not have discretion to deny an award of fees mandated by a valid and enforceable agreement between the parties, nothing in this decision affects or limits the discretion our courts have in determining the reasonableness and appropriate amount of such awards pursuant to the factors set out in Connors and Tennessee Supreme Court Rule 8. See Connors, 594 S.W.2d at 676-77; Tenn. Sup. Ct. R. 8, Rule 1.5.

Turning to the instant case, the Court of Appeals affirmed the trial court's award of attorney's fees to Wife but did not address the Parties' MDA when it denied appellate attorney's fees to Wife. Instead, the court exclusively reviewed Wife's request for fees under section 27-1-122. When Wife filed a petition to rehear, the Court of Appeals summarily denied Wife's repeated request that the court consider the MDA provision for

---

[6] It is important for our courts to ensure they conduct an analysis under both the parties' contract and any applicable statutes or other equitable grounds. In the event the award is reversed on one ground, it may be upheld on another. Analyzing all applicable grounds for attorney's fee awards ensures judicial economy is maximized.

attorney's fees. The Court of Appeals erred in failing to address Wife's request for appellate attorney's fees under the Parties' MDA.[7]

The trial court found the Parties' MDA to be valid and enforceable and awarded Wife trial court attorney's fees and expenses in the amount of $19,780. The Court of Appeals also found the Parties' MDA to be valid and enforceable when it affirmed the trial court's award of attorney's fees to Wife. Husband raised no defenses at trial or on appeal as to the validity and enforceability of the Parties' MDA. Accordingly, the validity and enforceability of the Parties' MDA is not before this Court. Therefore, we turn to the question of whether the appellate attorney's fees sought by Wife are within the scope of the fee provision in the Parties' MDA and whether that provision requires an award of attorney's fees on appeal. The Parties' MDA states at Paragraph 18:

> In the event it becomes reasonably necessary for either party to institute legal proceedings to procure the enforcement of any provision of this Agreement, the prevailing party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action.

Thus, this agreement provides that if it is reasonably necessary for either Wife or Husband to institute legal proceedings to procure the enforcement of any provision of the agreement, "the *prevailing party shall* . . . be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action." (emphasis supplied). Thus, the applicability of the Parties' MDA fee provision to Wife's request for appellate attorney's fees turns on whether Wife was the "prevailing party" for those claims in which she instituted proceedings to procure the enforcement of the Parties' MDA in the trial court and at the Court of Appeals.

Under Tennessee's "prevailing party" standard, Wife clearly was the prevailing party at both the trial and appellate levels. See Fannon v. City of LaFollette, 329 S.W.3d 418, 432 (Tenn. 2010). By obtaining a judgment in her favor at the trial court and having that judgment affirmed by the Court of Appeals, Wife "achieve[d] the primary benefit

---

[7] We also note in this case that the Court of Appeals reviewed both the trial court's grant of attorney's fees under the MDA and the reasonableness of the amount of the award under an abuse of discretion standard. This was partially incorrect. With regard to the issue of whether Wife was entitled to a grant of attorney's fees under the MDA, the proper standard of review is *de novo* because the issue is a question of law. The proper standard for reviewing the amount of the fees awarded under the MDA is abuse of discretion. Conversely, with regard to a trial court's award of attorney's fees under section 36-5-103(c), the Court of Appeals' standard of review is abuse of discretion for both the issue of whether the party is entitled to an award and the issue of the amount of the fees awarded.

sought" in the proceedings, and the judgment in her favor "modifi[ed] the opposing party's behavior in a way that provide[d] a direct benefit" to her. See Fannon, 329 S.W.3d at 432. Because Husband appealed the trial court's decision, Wife was forced to defend her awards of reimbursement of uncovered medical expenses and attorney's fees in the Court of Appeals. Had she lost her appeal, her judgment would have been reversed and her enforcement of the Parties' MDA thwarted. The defense of Wife's trial court judgment at the Court of Appeals thus qualifies as "prosecuting the action" under a plain reading of the Parties' MDA fee provision. Accordingly, because she was the prevailing party at both the trial and appellate levels, the Parties' MDA entitles her "to a judgment for reasonable expenses, including attorney's fees, incurred in prosecuting the action" in each of the proceedings.

Husband counters with several arguments which boil down to two contentions: (1) that the issue of the Parties' MDA is not properly before this Court; and (2) that neither the Court of Appeals nor the Tennessee Supreme Court may enter an "original" award of attorney's fees under a contract because such an award would "abrogate an opposing party's contract defenses." Both of these contentions are devoid of merit. The interpretation of a contract is a question of law that we review *de novo*, and the issue is properly before this Court. Whether the Parties' MDA entitles Wife to fees on appeal is the central issue in this case. As for his second contention, Husband had a full and ample opportunity to raise any contract defenses to the fee provision in the Parties' MDA at the trial court level. He chose not to raise any contract defenses to the Parties' MDA. In the intermediate appellate court, Wife again requested fees pursuant to the MDA fee provision, and again, Husband chose not to raise any defenses to the Parties' MDA. Husband's failure to raise any such defenses before the trial court or the intermediate appellate court clearly results in waiver and precludes Husband from asserting any contract defenses in this Court.

Accordingly, we conclude that Wife was entitled to an award of appellate attorney's fees incurred before the Court of Appeals under the Parties' MDA. Therefore, we reverse the decision of the Court of Appeals. Likewise, Wife is entitled to an award of attorney's fees under the Parties' MDA for attorney's fees incurred in the appeal to this Court. We remand the case to the trial court for a determination of the appropriate amount of those fees.

**CONCLUSION**

For the foregoing reasons, we reverse the Court of Appeals' denial of appellate attorney's fees to Wife, award Wife her attorney's fees incurred in this appeal, and remand the case to the trial court to determine the appropriate amount of Wife's

reasonable attorney's fees on the appeal to the Court of Appeals and to this Court. Costs of this appeal are assessed against Appellee, Christopher Eberbach, and his surety, for which execution may issue, if necessary.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE