FILED
11/05/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2018 Session

**KERRY DOUGLAS FRIESEN v. BEVERLEY JOY FRIESEN**

**Appeal from the Circuit Court for Hamilton County**
**No. 08D426       Ward Jeffrey Hollingsworth, Judge**
_____

**No. E2017-00775-COA-R3-CV**
_____

W. Neal McBrayer, J., concurring.

I concur in the affirmance of the Circuit Court for Hamilton County's denial of the petition of Dr. Kerry Douglas Friesen for modification of his alimony obligation and the award of attorney's fees to Ms. Beverley Joy Friesen. I write separately to address the authority under which the trial court awarded attorney's fees.

As noted by the majority, in response to Dr. Friesen's petition for modification, Ms. Friesen filed a counter-petition to increase alimony. But the counter-petition also requested other relief. The counter-petition alleged that Dr. Friesen was "frequently late [i]n making his monthly payments" and demanded an award of "attorney's fees and costs pursuant to Paragraph 8.6 of the Marital Dissolution Agreement." The referenced paragraph of the MDA provided, in pertinent part, that "[t]he party that breaches this Agreement shall pay the attorney fees and costs of the other party who seeks to enforce this Agreement."

The trial court dismissed both the petition and counter-petition. In its rationale for the dismissals, the court only addressed the requests to modify alimony. The order provided:

> After considering all of the testimony and the exhibits, the Court found that Dr. Friesen did not meet his burden of proof with regard to his Petition to Modify to reduce or eliminate his alimony obligation. The Court also found that Ms. Friesen did not meet her burden of proof with regard to her Petition to increase the alimony.

The order went on to award attorney's fees to Ms. Friesen "since she successfully defended the Petition for Modification filed by Dr. Friesen."

"Fee requests made pursuant to contractual and statutory authority must be analyzed separately . . . ." *Eberbach v. Eberbach*, 535 S.W.3d 467, 477 (Tenn. 2017). In this instance, the trial court did not analyze the contractual claim for attorney's fees, but impliedly rejected it by dismissing the counter-petition and focusing on Ms. Friesen's successful defense of Dr. Friesen's petition for modification in awarding her attorney's fees.

Based on the language of the order, the majority concludes that the court based its award of attorney's fees on Tennessee Code Annotated § 36-5-103(c). I agree. Under the version of the statute then applicable,[1] subsection (c) provided as follows:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2017). In *Malkin v. Malkin*, the Court of Appeals held that, under subsection (c), "a court may award attorney's fees to an alimony recipient who is forced to defend an action to reduce or terminate that alimony." 475 S.W.3d 252, 263 (Tenn. Ct. App. 2015).

I find the Court's interpretation of the former version of Tennessee Code Annotated § 36-5-103(c) in *Malkin* contrary to the plain and unambiguous language of the statute. Still, an award of attorney's fees was appropriate under the statute in this instance because Ms. Friesen, through her counter-petition, was seeking to enforce a decree for alimony, as well as seeking an increase in the alimony. *See* Tenn. Code Ann. § 36-5-103(c). Thus, I concur.

---

[1] Effective July 1, 2018, the General Assembly revised the circumstances under which attorney's fees could be awarded in domestic relations cases. In contrast to the former version of Tennessee Code Annotated § 36-5-103(c), which allowed "[t]he *plaintiff spouse* [to] recover . . . reasonable attorney fees incurred in *enforcing* any decree for alimony," Tenn. Code Ann. § 36-5-103(c) (2017) (emphasis added), the current version allows "[a] *prevailing party* [to] recover reasonable attorney's fees . . . in *any . . . proceeding to enforce, alter, change, or modify any decree of alimony*." 2018-2 Tenn. Code Ann. Adv. Legis. Serv. 236 (ch. 905) (LexisNexis) (amending Tenn. Code Ann. § 36-5-103(c)) (emphasis added).

2

_____
W. NEAL McBRAYER, JUDGE