FILED
03/13/2026
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 8, 2025 Session

## MARGARET BUSH (WRIGHT) V. RONALD STEVENS WRIGHT, JR.

**Appeal from the Chancery Court for Williamson County**
No. 18CV-47187     Deana C. Hood, Chancellor

_____

### No. M2024-01746-COA-R3-CV

_____

This appeal arises from post-divorce petitions and counterpetitions for enforcement and modification of the parties' marital dissolution agreement (the "MDA"), and permanent parenting plan (the "PPP"). The dispositive issue on appeal is whether either party is the prevailing party for the purpose of recovering his or her attorney's fees. Because the final decree of divorce incorporated a mandatory dispute resolution provision, we must first determine whether either party qualifies as the prevailing party concerning claims "to procure enforcement" of the MDA or PPP. We then consider whether either party qualifies as the prevailing party pursuant to Tennessee Code Annotated § 36-5-103(c), (the "Statute"), which has a broader application but is discretionary. During the pendency of the action, the defendant/father delivered two checks to the plaintiff/mother, one in satisfaction of the mother's claim for past due child support and a second check in satisfaction of her claim for past due alimony. Thereafter, the remaining claims went to mediation, after which the parties approved an agreed order resolving all remaining claims except attorney's fees, reserving the fee issue for the trial court. Each party, claiming to be the prevailing party, sought to recover their respective attorney's fees. The trial court ruled that "[s]ince both parties were awarded their beneficial, judicial relief that materially altered the other party's behavior, the court cannot consider either party the sole 'prevailing party.'" Thus, neither was awarded any attorney's fees. This appeal followed. Because the father paid the child support and alimony arrearages after the mother filed her petition and motion to enforce the MDA and PPP, we find that the mother is the prevailing party on the enforcement claims, for which she is contractually entitled to recover her reasonable and necessary attorney's fees and costs pursuant to the dispute resolution clause in the MDA. As for the respective claims and defenses related to modification of the MDA and PPP, for which the Statute applies, we affirm the trial court's decision to not award attorney's fees based on the finding that neither party can be considered the prevailing party. Thus, we reverse in part, affirm in part, and remand with instructions for the trial court to award the mother a judgment for the reasonable and necessary attorney's fees and costs she incurred to enforce the father's obligations to pay child support and alimony pursuant to the MDA

and PPP. Because neither party can be considered the sole prevailing party on appeal, we deny both parties' requests to recover their attorney's fees incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Affirmed in Part and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the court, in which ANDY D. BENNETT and JEFFREY USMAN, JJ., joined.

Edward A. Hadley, Nashville, Tennessee, for the appellant, Margaret Bush (Wright)

Adrian H. Altshuler and Caroline B. Altshuler, Franklin, Tennessee, for the appellee, Ronald Stevens Wright, Jr.

## OPINION

### FACTS AND PROCEDURAL HISTORY

Margaret Bush Wright ("Mother"), and Ronald Stevens Wright, Jr. ("Father"), were divorced pursuant to a Final Decree entered on September 21, 2018, that incorporated the MDA and PPP. They have three children, all of whom were minors at the time of the divorce. Mother was designated the primary residential parent, and the parents were awarded equal parenting time and joint decision-making authority concerning the children's activities, education and healthcare. Father was ordered to pay child support and the following expenses for the benefit of the children: their private school tuition, uncovered medical expenses, as well as automobile, cell phone, and extracurricular activities expenses. He was also ordered to pay transitional alimony to Mother for eight years and to provide life insurance to cover his financial obligations.

This action was commenced on April 4, 2022, when Mother filed her Petition to Enforce Marital Dissolution Agreement and Permanent Parenting Plan, for Money Judgement, to Modify Permanent Parenting Plan, and for Civil Contempt and other Relief[1] ("the Petition"). The Petition requested unpaid child support and modifications to the PPP, which included sole decision-making authority concerning the children, more parenting time, and an increase in child support. In a subsequent filing, Mother's Motion for Civil Contempt and Other Relief, ("the Contempt Motion"), Mother sought to compel Father to abide by the terms of the MDA and PPP, specifically seeking a judgment against Father for $30,000 in unpaid alimony and $13,112 in unpaid child support. Mother also requested her reasonable attorney's fees.

---

[1] The Petition was amended November 30, 2022.

Father filed an answer and counterclaim insisting that Mother be denied the relief she sought, that he be granted sole parental decision-making authority, attorney's fees, and other general relief. Then, in April of 2023, Father filed a Petition to Modify Alimony, alleging that alimony should terminate because Mother was cohabiting.

In December of 2022, Father paid the child support and alimony arrearages demanded in Mother's Petition and Contempt Motion. Specifically, Father issued two checks to Mother, one labeled "Child Support" for $16,216, and another for "Spousal" in the amount of $33,750.

The parties engaged in mediation July 28, 2023, during which they resolved all remaining issues except for the competing claims for attorney's fees. At the time of mediation, only the youngest child ("Daughter"), was a minor.[2] The terms of the mediation agreement are set forth in an agreed order (the "Agreed Order"), that was approved by the trial court.

As reflected in the Agreed Order, the parties agreed to modify the MDA and PPP in several respects. For example, Mother was awarded additional parenting time, sole decision-making authority over Daughter on major issues, increased child support from Father, a retroactive child support arrearage judgment for $13,800 against Father,[3] and an additional $3,000 payment from Father. For his part, Father's transitional alimony and related life insurance obligations were terminated, and various contractual obligations of Father under the MDA were also terminated or capped.

Shortly thereafter, as agreed upon at mediation, the parties submitted their respective claims for attorney's fees to the trial court. In the order that followed, the trial court noted that it reviewed the attorney's fees provision in the MDA as well as the Statute and ruled, in pertinent part:

> The Agreed Order on August 6, 2023, provided both parties with some form of relief by this Court. Mother was able to receive: 1) thirty-six and a half (36.5) more days with the minor child a year; 2) sole decision-making regarding the minor child, a change from joint decision-making authority; 3) an increase of $908 a month in child support from Father; 4) $13,800 in retroactive child support from Father; and 5) $3,000 from Father. *See* Agreed Order p. 1–2 (August 6, 2023); *see also* Agreed Order Ex. A p. 1 and 3; *see also* Order p. 21 and 23–24 (September 18, 2018). Father was able to receive: 1) termination of his transitional alimony owed to Wife in the amount of $2,000 a month from September 1, 2023 to September 1, 2026; 2)

---

[2] Daughter reached the age of majority in 2024.

[3] This was in addition to the $16,216 arrearage Father paid in December of 2022.

- 3 -

termination of his obligation of life insurance related to his alimony; and 3) the removal of various contractual obligations from the parties' MDA. *See* Agreed Order p. 1–2 (August 6, 2023); *see also* Agreed Order Ex. A p. 1–7; see also Order p. 12 and 21–28 (September 18, 2018). Additionally, the pending causes of action against both parties were dismissed, granting finality to the issues in dispute, except for the issue of attorney's fees. Agreed Order p. 1 (August 6, 2023). Thus, both parties 1) were awarded relief through the judicial system in their Agreed Order, 2) were awarded some relief that they sought, 3) achieved their own beneficial results, and 4) these results materially altered the other party's behavior. *See Fannon* 329 S.W.3d 418 and 430–31; *see also Garland* 489 U.S. at 792–93; *see also Buckhannon* 532 U.S. at 604–05; *see also Hensley* 461 U.S. at 433.

Since both parties were awarded their beneficial, judicial relief that materially altered the other party's behavior, the Court cannot consider either party the sole "prevailing party." *See Spanos*, 189 S.W.3d at 729 ("Both parties in this case were partially successful. . . . Thus, neither party is a clear winner"). Additionally, Mother's argument relying on the Court's equitable power is not compelling due to Tennessee law's focus on the "prevailing party" when granting attorney's fees in this situation. *See Spanos* 189 S.W.3d at 729; *see also Fannon* 329 S.W.3d at 418. Since there was no prevailing party, neither side is entitled to attorney's fees under the MDA or Tenn. Code Ann. § 36-5-103, and in its discretion, the Court thereby DECLINES to award fees to either party.

Thus, the trial court rejected both Mother and Father's request for attorney's fees under the MDA and the Statute.

The judgment denying both parties' claims was entered on August 26, 2024. Mother motioned to alter or amend the court's decision. On November 13, 2024, the chancellor denied Mother's motion.

This appeal followed.

### ISSUES

Mother raises several issues:

1. Whether the trial court erred by failing to enforce the terms of the parties' contract resulting in an alteration of the contract not permitted by Tennessee law.

2. Whether the trial court erred in finding that Father was a partially prevailing party when Father did not prevail on any disputed material issue.

3. Whether the trial court erred in failing to find that Mother was the only prevailing party when the undisputed evidence demonstrated that Mother was the prevailing party on a number of disputed material issues.

4. Whether the trial court erred in not awarding Mother her reasonable attorney's fees based upon Mother's overall "degree of success obtained," rather than her status as a prevailing party.

Father raises the following issues:

1. Whether the trial court properly declined to award Mother her attorney's fees, given she was not the prevailing party pursuant to the MDA nor the Statute.

2. Whether Father is entitled to his appellate attorney's fees.

## STANDARD OF REVIEW

"A marital dissolution agreement is a contract and thus is generally subject to the rules governing construction of contracts." *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). "Issues related to the interpretation of a contract are questions of law, subject to *de novo* review." *Coleman v. Coleman*, No. W2012-02183-COA-R3-CV, 2013 WL 5308013, at *12 (Tenn. Ct. App. Sept. 19, 2013) (internal citations omitted).

Interpretation of statutes is a question of law, to be reviewed de novo. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013) (citing *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012)).

"[T]he issue of whether [a party] is a 'prevailing party' entitled to attorney fees under the parties' MDA and Tennessee Code Annotated section 36-5-103(c)" is reviewed *de novo. Colley v. Colley*, 715 S.W.3d 293, 302 (Tenn. 2025). *See Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 59 (Tenn. 2023); *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017).

## ANALYSIS

Tennessee follows the American Rule, under which attorney's fees are not recoverable absent express statutory or contractual authorization. *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671, 704–05 (Tenn. 2019); *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). In the absence of a statutory or contractual command for recovery, the public policy of Tennessee is opposed to the allowance of attorney's fees of the successful party against the defeated party. *Fifth Third Co. v. Mooreland Estates Homeowners Asso.*, 639 S.W.2d 292, 298 (Tenn. Ct. App. Mar. 26, 1982). Here, however, both a statute and a contractual agreement apply to the issues raised by the parties.

The dispute resolution provision at issue here is set forth in the MDA. It reads:

In the event that it becomes reasonably necessary for either party to institute legal proceedings to procure enforcement of any of the provisions of this Agreement, the prevailing party shall be entitled to a judgment for attorney's fees, costs, and other reasonable expenses incurred in prosecuting or defending said action.

And the Statute relied upon by the parties provides:

A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the nonprevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

Tenn. Code Ann. § 36-5-103(c).

These two fee provisions have similarities, but also significant differences. For one, the MDA fee provision is mandatory when the court finds that a party is the prevailing party in a proceeding "to procure enforcement" of the agreement, whether prosecuting or defending. Significantly, it does not apply to proceedings to alter, change or modify the responsibilities of the parties.

The statutory provision differs in two ways. It is not limited to "enforcement" of the agreement. Instead, it applies to any civil contempt action or other proceeding to "enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order." The statutory provision also differs from the MDA provision because it is not mandatory. Instead, it affords the trial court the discretion to award attorney's fees to the prevailing party.

"Courts reviewing requests for fees pursuant to a MDA fee provision should first determine whether the parties have a valid and enforceable MDA that governs the award of attorney's fees for the proceeding at bar."[4] *Eberbach*, 535 S.W.3d at 478–79. And if the

---

[4]As our Supreme Court explained:

Fee requests made pursuant to contractual and statutory authority must be analyzed separately, though they will often be requested together. In cases in which parties seek an award of attorney's fees under statutory authority alone, the statute governs the award of fees. In such cases, the statute is the recognized exception to the American Rule and is the

MDA includes a valid mandatory fee provision, the court is to consider the MDA fee provision before considering applicable statutory fee provisions, which are discretionary. Stated differently, the court may not deny fees to the prevailing party if the mandatory provision is applicable. *See id*. at 477–78.

Because the MDA fee provision is mandatory, we will first analyze the issue based on the MDA. *See id*. Thereafter, we shall consider the statutory provisions. *See id*. at 479 ("Even if the court determines that an award of attorney's fees is mandated by the terms of the MDA, the court still should also review the claims for fees or expenses under any applicable statutory authority.").

## I. THE DISPUTE RESOLUTION CLAUSE

We first consider whether either party is entitled to recover their attorney's fees pursuant to the dispute resolution provision set forth in the MDA, which only applies to proceedings to procure enforcement of the MDA or PPP.

---

basis for the court's authority to grant fees on appeal. Thus, when appellate attorney's fees are requested pursuant to statutes like section 27-1-122 and section 36-5-103(c), which expressly permit the court to exercise its discretion, the Court of Appeals should analyze any such request by exercising its discretion to determine whether an award to the prevailing party is appropriate.

The same is not true when the parties to post-divorce litigation have a marital dissolution agreement that contains a mandatory fee award provision. Our courts long have observed at the trial court level that parties are contractually *entitled* to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees. *See, e.g*, *Seals v. Life Inv'rs Ins. Co. of Am.*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003); *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001). In such cases, the trial court does not have the discretion to set aside the parties' agreement and supplant it with its own judgment. *See Christenberry v. Tipton*, 160 S.W.3d 487, 494 (Tenn. 2005) ("A court 'cannot under the guise of construction make a new and different contract for the parties.'") (*quoting Memphis Furniture Mfg. Co. v. Am. Cas. Co.*, 480 S.W.2d 531, 533 (Tenn. 1972)). The sole discretionary judgment that the trial court may make is to determine the amount of attorney's fees that is reasonable within the circumstances. *See Hosier*, 2001 WL 799740, at *6; *Albright v. Mercer*, 945 S.W.2d 749, 751 (Tenn. Ct. App. 1996); *Airline Constr. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990); *see also Connors v. Connors*, 594 S.W.2d 672, 676 (Tenn. 1980) (setting out the appropriate factors to be used as guides in fixing reasonable attorney's fees); Tenn. Sup. Ct. R. 8, Rule 1.5.

*Eberbach*, 535 S.W.3d at 477–78.

The provision states that the prevailing party in a proceeding "to procure enforcement" of the MDA or PPP[5] "shall be entitled" to attorney's fees. Thus, the following analysis shall be limited to enforcement claims, as distinguished from claims to modify the MDA or PPP.

Mother's Petition, filed April 4, 2022 and amended November 30, 2022, alleged violations of the MDA and PPP by Father. In pertinent part, Mother alleged that "Father has failed and refused to pay child support as ordered, despite having the ability to do so," going on to list multiple months in which Father "failed to make any payment whatsoever," or paid less than the required amount, resulting in a support arrearage. Thus, Mother was seeking to enforce Father's child support obligations.

In a separate Contempt Motion, filed November 8, 2022, Mother claimed that Father had paid no alimony for eight months in 2022, and no child support for eleven months in 2022, resulting in an arrearage of $30,000 in spousal support and $13,112 in child support. Thus, Mother was seeking to enforce his alimony obligations as well as his child support obligations (hereinafter "Mother's Enforcement Claims").

Husband filed an answer to the Petition in which he admitted that he had failed to pay child support and alimony in the amounts mandated in the final decree of divorce, but defended on the basis that his failure to pay was not willful. Because both parties incurred attorney's fees in relation to Mother's Enforcement Claims, the applicability of the MDA fee provision turns on whether Mother or Father was the "prevailing party" in the prosecution and defense of Mother's Enforcement Claims. *See Eberbach*, 535 S.W.3d at 480 ("Thus, the applicability of the Parties' MDA fee provision to Wife's request for appellate attorney's fees turns on whether Wife was the 'prevailing party' for those claims in which she instituted proceedings to procure the enforcement of the Parties' MDA in the trial court and at the Court of Appeals.").

In December of 2022, Father paid the child support and alimony arrearages demanded in the Petition and the Contempt Motion. Specifically, Father issued two checks to Mother, one labeled "Child Support" for $16,216, and another for "Spousal" in the amount of $33,750. Thus, a material change in the parties' circumstances resulted from Mother's Enforcement Claims.

---

[5] As noted above, MDA states in Section 4, Custody/Visitation/Child Support, "A Permanent Parenting Plan has been executed by the parties, addressing the care and support of the minor children and shall be incorporated herein." Section 13 of the agreement, Spousal Support, addresses alimony obligations. Thus, the dispute resolution provision in the MDA applies to Father's alimony and child support obligations.

"The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Fannon v. City of LaFollette*, 329 S.W.3d 418, 430 (Tenn. 2010) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Under this standard, Mother is the prevailing party in the context of her Enforcement Claims.

Nevertheless, Father insists she is not entitled to recover her attorney's fees because the court never ordered him to pay the arrearages. Stated another way, because the trial court never ruled on the merits of Mother's Enforcement Claims, she is not the prevailing party. We, however, find this contention unpersuasive based on the reasoning of *Colley v. Colley*, 715 S.W.3d at 293, in which our Supreme Court held that an ex-wife may be considered a "prevailing party" where the ex-husband nonsuited his post-divorce petition to end his alimony obligation and other claims prior to a determination on the merits of the petition. *Id*. at 315.

In *Colley*, the wife was forced to defend against the husband's petition to end his alimony obligation in a post-divorce proceeding. *Id*. at 304. The husband's claims were voluntarily dismissed with no affirmative relief being afforded to the husband. When the wife asserted a claim for attorney's fees based on the parties' dispute resolution clause set forth in their MDA, the husband insisted that the wife could not be considered the prevailing party because the trial court never ruled on the merits. *Id*. Our Supreme Court found the husband's argument unconvincing, reasoning:

> Husband's position finds no support in the text of the MDA. The filing of Husband's petition to reduce his alimony obligations under the MDA forced Wife to defend the MDA. In doing so, Wife's only goal was to preserve the status quo, through either a decision on the merits or dismissal of the petition. Husband's choice to nonsuit his petition meant that Wife, as the defending party, achieved that result.
>
> As Husband acknowledged in oral argument, the result would be the same with any type of dismissal of Husband's petition: a voluntary dismissal without prejudice, a voluntary dismissal with prejudice, a dismissal by the trial judge on a procedural ground, or a dismissal by the trial judge on the merits. In any of these scenarios, Wife successfully achieved her objective of keeping her alimony award. *See, e.g.*, *Prevail*, 2 *Shorter Oxford English Dictionary* (6th ed. 2007) ("be effectual or efficacious; succeed"); *Prevail*, *Webster's Third New International Dictionary of the English Language Unabridged* (1993) ("to be successful"). Wife is the "prevailing party" in the trial court proceedings.

*Id.* at 304–05. Thus, the Supreme Court affirmed the trial court's ruling awarding the wife her attorney's fees as the prevailing party even though the court did not enter a ruling on the merits.

The same logic applies in this case, wherein Mother successfully achieved her objective of receiving child support and alimony as mandated in the MDA and PPP. Here, Mother initiated the proceedings to enforce the MDA and PPP, compelling Husband to pay child support and alimony pursuant to their divorce decree. When she commenced this action, Father allegedly owed significant amounts in unpaid child support and alimony. It was not until Mother incurred attorney's fees and related costs to enforce the MDA and PPP that Father complied with the agreement. As a result of Mother's actions, Father paid the arrearages of $16,216 in child support and $33,750 in alimony, albeit without being made to do so by a new court order. As our Supreme Court noted in *Colley*,

> [R]equiring the recipient of alimony to expend the monies received for legal fees incurred in order to defend the original award "would defeat the purpose and public policy underlying the statute on spousal support." *Stratienko*, 2023 WL 7326321, at *12 (citation omitted). Moreover, the possibility of being required to pay a former spouse's attorney fees "helps deter unwarranted or unjustified attempts by an obligor to evade or reduce an existing support obligation." *Id.*

*Id.* at 315.

Mother achieved her objective of forcing Father to pay the alimony and child support arrearages. *See id.* at 305 ("Wife successfully achieved her objective of keeping her alimony award."). Furthermore, as noted above, Mother's court filings resulted in a material alteration of the positions of the parties when Father paid the arrearages. Such "material alteration" is the touchstone of the prevailing party inquiry. *See Fannon v. City of LaFollette*, 329 S.W.3d at 430.

As the Supreme Court explained in *Eberbach*,

> [A court] has no discretion whether to award attorney's fees when the parties have a valid and enforceable marital dissolution agreement which requires an award of reasonable attorney's fees to a prevailing or successful party. When such a MDA exists, it is subject to the normal rules of contractual interpretation and enforcement. If the MDA is determined to be a valid and enforceable agreement, the terms of the parties' agreement govern the award of fees, and the court must enforce the parties' terms to the extent the agreement demands.

*Eberbach*, 535 S.W.3d at 478.

Therefore, we hold that Mother is the prevailing party under the dispute resolution provision in the MDA because she forced Father to pay past due child support and alimony. Accordingly, we reverse the trial court's ruling regarding Mother's right to recover her attorney's fees pursuant to the MDA and remand with instructions for the trial court to award Mother a judgment for the reasonable and necessary attorney's fees and costs she incurred to enforce Father's obligations to pay child support and alimony.

## II.      Tennessee Code Annotated § 36-5-103(c)

In the above section we addressed Mother's claims "to enforce" the MDA and PPP under the dispute resolution clause. We now turn our attention to the parties' respective claims seeking to "alter, amend or modify" the parties' rights and responsibilities (hereinafter "the Modification Claims").[6] The issue to be analyzed in this section is whether either party is the prevailing party in relation to the Modification Claims and, if so, whether the trial court erred by exercising its discretion to not award attorney's fees under the Statute. *See* Tenn. Code Ann. § 36-5-103(c).

For her part, Mother sought modification of the MDA and PPP in several respects. Mother requested, inter alia, sole decision-making authority over Daughter, increased parenting time and modification of child support. For his part, Father sought sole decision-making authority over Daughter and a reduction or elimination of his alimony obligation.[7]

After Father paid the arrearages for child support and alimony, the parties agreed to submit all remaining claims, as well as other disputes that were not addressed in the pleadings, to mediation. The Agreed Order that followed mediation revealed that the parties resolved all issues except for the attorney's fees question. Thereafter, the parties submitted their respective applications for fees, and the trial court took the matter under advisement.

The Modification Claims were resolved in mediation as stated in the Agreed Order. In the trial court's subsequent attorney's fee order, the court summarized the resolution of the parties' claims and issues that had been settled in mediation, noting that the Agreed Order had provided both parties with some form of relief. The court then reasoned, "[s]ince

---

[6] As noted above, after the court considers a mandatory fee provision in an MDA, it should then consider the statutory fee provision, which is discretionary. *See Eberbach*, 535 S.W.3d at 477. This is because the court may not deny fees to the prevailing party if the mandatory provision is applicable. *See id*. at 479 ("Even if the court determines that an award of attorney's fees is mandated by the terms of the MDA, the court still should also review the claims for fees or expenses under any applicable statutory authority.").

[7] Because these petitions sought to modify the MDA and PPP, they only fall within the purview of the Statute, not the "enforcement" provision of the MDA.

both parties were awarded their beneficial, judicial relief that materially altered the other party's behavior, the Court cannot consider either party the sole 'prevailing party.'"

For the foregoing reasons, the trial court denied both Mother and Father's request for attorney's fees under the MDA and the Statute.[8]

The trial court's order accurately summarizes the resolution of the claims submitted to mediation. However, the Agreed Order resulting from mediation does not acknowledge Mother's Enforcement claims or Father's subsequent remittance of two checks to pay the past due child support and alimony. Therefore, neither the Enforcement Claims nor Father's payment of the arrearages were addressed in the subsequent attorney fee order.

Except for the omission of the Enforcement Claims, we find the trial court's assessment of the resolution of the parties' Modification Claims to be accurate and comprehensive. The court correctly notes that Mother received, inter alia, an increase in parenting time, sole decision-making authority, an increase in child support, retroactive child support, and a $3,000 cash payment. Father's gains, including termination of alimony and life insurance obligations and the removal or limitation of various contractual obligations, were also noted by the trial court. We further agree with the trial court's reasoning in relation to the Modification Claims that "both parties 1) were awarded relief through the judicial system in their Agreed Order, 2) were awarded some relief that they sought, 3) achieved their own beneficial results and 4) these results materially altered the other party's behavior." Based on these findings, the trial court ruled that neither party was the sole prevailing party. We agree with this determination to the extent it applies to the Modification Claims.

When success is mixed, as is the case here in relation to the Modification Claims, courts evaluate the relative success of the parties, including the significance of the issues on which each prevailed and the overall circumstances of the case. In *Richardson v. Spanos*, this Court concluded that both parties achieved partial success, and that neither could be deemed the clear prevailing party, affirming the trial court's denial of attorney's fees to both sides. 189 S.W.3d 720, 729 (Tenn. Ct. App. Oct. 5, 2025). Likewise, in *Roper v. Roper*, we held that the father's partial success on appeal altered the prevailing party analysis, requiring vacatur of the trial court's fee award to the mother under the Statute. No. M2024-00298-COA-R3-CV, 2026 WL 184434, at *6 (Tenn. Ct. App. Jan. 23, 2026).

Furthermore, as the trial court noted in its order citing *Spanos*, 189 S.W.3d at 729, because "[b]oth parties in this case were partially successful . . . neither party is a clear

---

[8] As noted above, we respectfully disagree with the trial court's ruling as to the prevailing party in the context of claims to enforce under the mandatory dispute resolution provision in the MDA; thus, our focus in this section is limited to the prevailing party issue in the context of claims to alter, amend or modify under the Statute.

winner." In the context of the Modification Claims, we agree that there is no clear winner. Thus, we affirm the trial court's determination that there was no prevailing party in the context of the claims submitted to mediation and resolved by the Agreed Order, they being the Modification Claims.

Thus, we affirm the trial court's discretionary decision to not award attorney's fees under the Statute.

### III.     Attorney's Fees Incurred On Appeal

Both parties seek to recover the attorney's fees they incurred in this appeal. Each party was partially successful, but neither party can be considered the prevailing party on appeal. Thus, we respectfully deny both requests.

### IN CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. The costs of appeal are assessed equally against the parties.

_____
FRANK G. CLEMENT JR., P.J., M.S.