IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2020 Session

## KATHERINE MARIE LUGO v. HECTOR SANTIAGO LUGO

**Appeal from the Circuit Court for Shelby County**
**No. CT-002498-17   James F. Russell, Judge**

_____

**No. W2020-00312-COA-R3-CV**

_____

This is an appeal from post-divorce litigation between parents.  The only issues raised on appeal relate to the awards of attorney's fees and guardian ad litem fees.  Due to inconsistencies and a lack of findings in the final order, we vacate and remand for additional findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Erin O'Dea, Memphis, Tennessee, for the appellant, Katherine Marie Lugo.

Julie C. Bartholomew, Somerville, Tennessee, for the appellee, Hector Santiago Lugo.

**OPINION**

### I.    FACTS & PROCEDURAL HISTORY

Katherine Marie Lugo ("Mother") and Hector Santiago Lugo ("Father") were divorced in 2017.  The final decree of divorce was entered on November 1, 2017, and it incorporated by reference a marital dissolution agreement ("MDA") and parenting plan for their two children.  Five months later, Father filed a petition for contempt and for modification of the parenting plan.  Mother filed an answer and counter-petition for contempt and modification of the parenting plan.  She also filed a petition for an emergency injunction alleging that Father threatened to remove the parties' daughter from her current school.  The trial court appointed a guardian ad litem due to the children's expressed desire

for representation in the matter and the likelihood that they would be called as witnesses or questioned in chambers. The order appointing the guardian ad litem stated that the parties would be required to pay the fees and expenses of the guardian ad litem equally unless the court ultimately reallocated the fees between the parties.

The trial court held a final hearing on all the issues over the course of five days in late October and early November 2019. The trial judge announced an oral ruling on November 13. The trial court dismissed the contempt allegations alleged by Father because they were either moot or in the nature of criminal contempt rather than civil contempt, when there was no allegation or notice of criminal contempt in the petition. The trial court also dismissed some of the contempt allegations alleged by Mother for the same reason, stating that they were improperly alleged to be civil contempt when they were in the nature of criminal contempt. However, the trial court did find that Father owed $696.02 to Mother for unpaid expenses, and it entered a judgment in Mother's favor for that amount.

As for the competing petitions for modification of the parenting plan, the trial court adopted the plan proposed by Mother, which effectively reduced Father's parenting time from 120 days per year to 80 days per year. Father no longer desired to remove the daughter from her school, and the trial court noted that the issue was moot, but it nevertheless entered a permanent injunction prohibiting him from doing so.

Finally, the trial court addressed the allocation of attorney's fees and guardian ad litem fees. Father had submitted an attorney's fee affidavit reflecting that he had incurred $7,974 in attorney's fees. Mother had incurred $55,770.15 in attorney's fees. The guardian ad litem fee totaled $9,507.50. Mother sought an award of her attorney's fees based on the following provisions from the parties' MDA:

> Should either party incur any expense or legal fees in a successful effort to enforce or defend this Marital Dissolution Agreement, in whole or in part, the Court SHALL award reasonable attorney fees and suit expenses to the party seeking to enforce this Agreement. Absent clear and convincing proof of fraud, reasonable attorney fees and suit expenses shall be the amount charged to the prevailing party. . . .
> . . . .
> . . . Parenting and child support issues are specifically addressed in the *Permanent Parenting Plan*. All provisions of the *Permanent Parenting Plan* are incorporated in and subject to the terms of this Marital Dissolution Agreement.

The trial judge explained his ruling with respect to the issue of attorney's fees as follows:

> We turn, next, to the next major heading, and that would be Attorney Fees. Again, much of the presentation of the evidence, and even argument

at the conclusion of the matter, each party contends that the other party should be responsible for the entirety of the attorney fees and litigation expenses incurred by the parties, respectively.

Again, the general rule is that the Court should award such fees and expenses to the so-called, quote, prevailing party, end quote. Here the Court has ruled in favor of one party on some issues and in favor of the other party on other issues.

It would be an impossible task to go through and delineate the time spent as to each different outcome, but given the large disparity in income between the parties and the fact that [Mother] has prevailed upon at least one half of the issues, generally speaking, the Court is compelled to a conclusion that [Father] should be ordered to pay 50 percent of the fees and expenses incurred by [Mother].

Next, the court announced its oral ruling regarding the guardian ad litem fee. He stated:

The Court finds that the fees and expenses incurred by the Guardian ad Litem are more than reasonable and the Court is compelled to the conclusion that each of the parties should pay 50 percent of the fees and expenses incurred by the Guardian ad Litem as set forth in her amended affidavit, which was Exhibit 46[.]

At that point, the guardian ad litem noted that she had not yet submitted her affidavit. The exhibit number referenced by the trial judge was one of the attorney's fee affidavits. The trial judge apologized and took a short recess to review the guardian ad litem's affidavit and then returned to the bench to continue his oral ruling. The trial judge found the fee of $9,507.50 was reasonable and would be "reduced to judgment upon which execution may issue immediately, if necessary." He added,

Customarily the fees and expenses of the Guardian ad Litem are set forth in the record as court costs. The court costs will be assessed to [Father] in the entirety upon which execution may issue, if necessary, as well.

Counsel for Mother asked, "And the G.A.L. fees were assessed as court costs?" The trial judge responded that this was his understanding of the prevailing practice and custom. However, when the trial court entered its written order on January 28, 2020, *nunc pro tunc* to November 13, 2019, the written order stated that the guardian ad litem fee would be split equally between the parties. The written order also incorporated by reference the transcript of the trial court's oral ruling "as if copied herein in full." Mother timely filed a notice of appeal.

Father had also filed a motion to reconsider, seeking to clarify the inconsistencies in the trial judge's oral ruling with respect to the guardian ad litem fee. The trial court held

a hearing on the motion to reconsider but did not enter a written order resolving the motion. As such, after oral argument in this appeal, this Court directed the appellant to obtain the entry of an order resolving the motion to reconsider. On December 15, 2020, the trial court entered an order stating that the motion to reconsider should be denied and that its final oral ruling and final written order "shall not be altered."

## II.  ISSUES PRESENTED

Mother raises the following issues for review on appeal:

1. Did the Trial Court err in awarding Mother only half of her attorney's fees and other suit expenses, when Mother was the predominantly prevailing party in the post-divorce litigation initiated by Father, and the award of the parties' post-divorce attorney's fees and suit expenses was controlled by the parties' *Marital Dissolution Agreement*?
2. Did the Trial Court err when it ordered that the parties would be equally responsible for the Guardian *Ad Litem's* fees, after Mother prevailed on all parenting issues in the post-divorce litigation initiated by Father, and the award of the parties' post-divorce suit expenses was controlled by the parties' *Marital Dissolution Agreement*?
3. Whether Mother is entitled to her attorney's fees and suit expenses incurred in preparing and arguing this appeal?

In his posture as appellee, Father raises the following additional issues:

1. Whether awards of fees and expenses to Mother at trial and on appeal are outside the scope of the fee provision in the parties' marital dissolution agreement?
2. If Mother is found to be entitled to recover attorney's fees, whether the amount awarded by the trial court exceeds a reasonable fee?

For the following reasons, we vacate the decision of the circuit court and remand for further proceedings.

## III.  DISCUSSION

### A.  *Attorney Fees*

According to the Tennessee Supreme Court,

> Tennessee has long followed the "American Rule" with regard to attorney's fees. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000). This Rule provides that "a party in a civil action may recover attorney's fees only if: (1) a contractual or statutory provision creates a right to recover attorney's fees; or (2) some other recognized exception to

the American Rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing [*Taylor v.*] *Fezell*, 158 S.W.3d [352, 359 (Tenn. 2005)]; *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Otherwise, litigants are responsible for their own attorney's fees. *Cracker Barrel Old Country Store, Inc.*, 284 S.W.3d at 309 (citing *House v. Estate of Edmondson*, 245 S.W.3d 372, 377 (Tenn. 2008)).

*Eberbach v. Eberbach*, 535 S.W.3d 467, 474 (Tenn. 2017). The court went on to explain that "[o]ne of the most common exceptions to the American Rule involves contracts that contain provisions expressly permitting or requiring the prevailing party to recover its reasonable attorney's fees incurred to enforce the contract." *Id.* (citing *Cracker Barrel Old Country Store, Inc.*, 284 S.W.3d at 309). Because a marital dissolution agreement is "a contract entered into by a husband and wife in contemplation of divorce," an MDA "may include enforceable contractual provisions regarding an award of attorney's fees in post-divorce legal proceedings." *Id.* at 474-75. In post-divorce litigation involving a marital dissolution agreement that contains a mandatory fee award provision, "parties are contractually *entitled* to recover their reasonable attorney's fees when they have an agreement that provides the prevailing party in a litigation is entitled to such fees." *Id.* at 478. In that case, "the trial court does not have the discretion to set aside the parties' agreement and supplant it with its own judgment," and its "sole discretionary judgment . . . is to determine the amount of attorney's fees that is reasonable within the circumstances." *Id.*

Here, the trial court's oral ruling regarding attorney's fees, incorporated by reference into the final order, states "the general rule is that the Court should award such fees and expenses to the so-called, quote, prevailing party, end quote." Likewise, its written order simply states that "[t]he Court should award such fees and expenses to the prevailing party." Neither the transcript nor the written order contain any analysis of the MDA provision or explanation for why the court apparently chose to apply some unspecified "general rule" regarding attorney's fees. On appeal, the parties raise a host of issues regarding the attorney's fee provision in an attempt to explain why the trial court may have decided not to apply it. For instance, Father argues that the provision contradicts Tennessee law because it purports to allow attorneys "to impose fees on non-clients in the amount *charged* by the attorneys, without any Court oversight of the reasonableness of the amount." He suggests that the trial judge must have "declined to enforce" the provision on the basis that it was invalid and unenforceable. He also argues that the fee provision is unconscionable. Alternatively, he argues that the fees requested by Mother were beyond the scope of the fee provision because she was not seeking to enforce or defend the parenting plan but to modify it. He also argues that the amount of her fee was unreasonable in light of all the relevant factors for consideration. For her part, Mother argues whether she was the predominantly prevailing party within the meaning of the fee provision and whether the trial court was required to award her the full amount incurred in the absence

of fraud. She also points out that during the hearing on the motion to reconsider, the trial judge stated that he had reached what he "felt like [] was the appropriate conclusion in spite of the language in the contract."

Ultimately, we are left with the fact that the trial court never discussed or made findings as to any of these enforceability issues raised on appeal.[1] At the beginning of oral argument before this Court, counsel for Mother was asked why the trial court chose not to enforce the MDA provision. She responded, "That's a good question, Your Honor." She suggested that the ruling was based on "a feeling" as to the right decision. Like the parties, we simply cannot discern from the trial court's oral ruling or written order why the trial court ruled as it did.

As the court noted in *Eberbach*, when analyzing requests for attorney's fees, "[i]t is important for our courts to ensure they conduct an analysis under both the parties' contract and any applicable statutes or other equitable grounds." 535 S.W.3d at 479 n.6.

> Courts reviewing requests for fees pursuant to a MDA fee provision should first determine whether the parties have a valid and enforceable MDA that governs the award of attorney's fees for the proceeding at bar. If so, our courts must look to the actual text of the provision and determine whether the provision is mandatory and applicable. If so, the MDA governs the award of fees, and our courts must enforce the parties' contract.
>     If the court determines the MDA is inapplicable to the case, it should so state on the record . . . .

*Id.* at 478-79. "With regard to the issue of whether [the party] was entitled to a grant of attorney's fees under the MDA, the proper standard of review is *de novo* because the issue is a question of law. The proper standard for reviewing the amount of the fees awarded under the MDA is abuse of discretion." *Id.* at 479 n.7.

Here, our ability to meaningfully review the trial court's decision is hampered by the lack of any explanation from the trial court. We faced a similar dilemma in *Harthun v. Edens*, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *2 (Tenn. Ct. App. Mar. 17, 2016), where a contract provided that the prevailing party was entitled to recover all costs of enforcement, including reasonable attorney's fees, but the trial court denied the request without explanation. On appeal, we explained that we were unable to reach the merits of the attorney's fee issue "because the trial court did not make sufficient and relevant findings of fact and conclusions of law in compliance with Tennessee Rule of

---

[1] It is difficult to discern from the record whether any of these arguments were raised in the trial court because we do not have a full transcript of the proceedings that took place over five days. Instead, we have two very short excerpts from testimony, the transcript of the oral ruling, and the transcript of the very brief post-judgment hearing.

Civil Procedure 52.01." *Id.* at *4. Rule 52.01 provides that "'[i]n all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.'" *Id.* (quoting Tenn. R. Civ. P. 52.01) (emphasis in *Harthun*). Such "'[f]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision.'" *Id.* (quoting *Lovlace v. Copley*, 418 S.W.3d 1, 34 (Tenn. 2013)). We explained,

> If this Court were to review the trial court's determination not to award fees and to apportion costs, we would have to speculate as to what facts form the basis of the trial court's determination. It is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational[e] the trial court used in arriving at its decision. This we cannot do. Accordingly, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01.

*Id.* at *5. We vacated the portion of the order denying attorney's fees and remanded with instructions for the trial court to issue an order in compliance with Tennessee Rule of Civil Procedure 52.01. *Id.*; *see also In re Carter K.*, No. M2017-01507-COA-R3-JV, 2018 WL 896060, at *7 (Tenn. Ct. App. Feb. 14, 2018) (vacating an award of attorney's fees and remanding for the court to make "specific findings of fact and conclusions of law as to the basis and reasonableness of the award of attorney fees"); *Kathryne B.F. v. Michael B.*, No. W2013-01757-COA-R3-CV, 2014 WL 992110, at *8 (Tenn. Ct. App. Mar. 13, 2014) (vacating an order denying a request for attorney's fees where the order provided no explanation for the decision, which stymied our ability to review the decision on appeal).

Because we cannot discern the basis for the trial court's partial award of attorney's fees, and we cannot speculate as to the trial court's rationale, we vacate the portion of the order addressing attorney's fees and remand for additional findings of fact and conclusions of law pursuant to Rule 52.01. If the court determines that the provision is unenforceable or inapplicable to this case, it should make that finding in its order. *See Eberbach*, 535 S.W.3d at 479.[2]

### B. Guardian Ad Litem Fee

We reach the same conclusion with respect to the guardian ad litem fee. During his oral ruling, the trial judge originally announced that "each of the parties should pay 50 percent of the fees and expenses incurred by the Guardian ad Litem as set forth in her

---

[2] Mother argues that Father has attempted to raise new arguments regarding the enforceability of the MDA provision for the first time on appeal, which were not raised before the trial court. Upon the record before us, we are unable to discern whether Mother's argument in this regard has merit. This decision should not be construed as requiring the trial court to consider issues that were not raised in the original proceeding.

amended affidavit, which was Exhibit 46." After realizing that this was the wrong exhibit, the trial judge took a short recess to review the correct affidavit and then returned to the bench. This time, he stated, "Customarily the fees and expenses of the Guardian ad Litem are set forth in the record as court costs. The court costs will be assessed to [Father] in the entirety upon which execution may issue, if necessary, as well." Counsel for Mother asked, "And the G.A.L. fees were assessed as court costs?" The trial judge responded affirmatively. However, the trial court's written order stated that the guardian ad litem fee would be split equally between the parties. Normally, we would defer to the trial court's written order over its oral ruling. However, the written order incorporated by reference the transcript of the oral ruling "as if copied herein in full." Although Father sought clarification in his motion to reconsider, the trial court simply stated that the motion to reconsider was denied and that its final oral ruling and final written order "shall not be altered."[3]

As it is, the written order and incorporated transcript contain inexplicable contradictory rulings regarding the guardian ad litem fee. As such, we vacate the portion of the order addressing the guardian ad litem fee and remand for additional findings and a clear ruling on the issue. Mother's request for attorney's fees on appeal is denied.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is vacated and remanded for entry of an order that complies with Rule 52.01. Costs of this appeal are taxed equally to the appellant, Katherine Marie Lugo, and to the appellee, Hector Santiago Lugo, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE

---

[3] We recognize that the trial judge verbally attempted to clarify the confusion during the hearing, but the transcript of the hearing on the motion to reconsider was not incorporated by reference in the order.